DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas which awarded appellee, Pamela S. Johnson, prejudgment interest commencing on March 23, 1999 and ending on December 31, 2000. For the following reasons, we affirm the judgment of the trial court.
On May 16, 1998, Johnson was involved in a collision caused by an underinsured motorist. At the time of the accident she held underinsured motor vehicle insurance with appellant, American Family Insurance Company ("American Family"). Her underinsured limits were $100,000 per person and $300,000 per accident. Johnson maintained that she was severely injured as a result of the collision.
On March 23, 1999, American Family authorized the settlement of Johnson's claim against the tortfeasor for the limit, $12,500, of his liability insurance. Nonetheless, American Family contested the issue of whether appellee's asserted medical condition was proximately caused by the motor vehicle accident. Consequently, Johnson filed a complaint in the trial court seeking arbitration of her underinsured claim and requesting prejudgment interest pursuant to R.C. 1343.03.
This cause proceeded to arbitration where, on December 1, 2000, a majority of the arbitration panel awarded Johnson $90,249.75. The lone dissenter wanted to award her damages in the amount of $137,500. It is undisputed that, shortly thereafter, American Family tendered a check to Johnson in the amount of $77,749.75, which represented the arbitration award less the $12,500 received from the tortfeasor's liability insurer. Johnson did not cash the check, arguing that American Family wanted her to forfeit or limit her right to prejudgment interest.
In her application to the common pleas court for confirmation of the arbitration award, appellee again requested prejudgment interest on the award from March 23, 1999, the "date of exhaustion of the underlying policy." American Family did not contest the confirmation of the arbitration award; however, it contended that appellee was not entitled to prejudgment interest because her underinsured claim was disputed. American Family reasoned that an underinsured claim was not due and payable until it was determined that a particular loss was covered under an injured party's policy; therefore, prejudgment interest was not due and payable under R.C. 1343.03(A) until such coverage was determined. American Family asked the court to deny the motion for prejudgment interest.
The judgment entry confirming the arbitration award was filed on January 4, 2001. After a hearing held solely on the issue of prejudgment interest, the trial court entered a second judgment awarding Johnson prejudgment interest on $77,749.75 at ten percent per year from March 23, 1999 to a stipulated ending date of December 31, 2000. American Family asserts the following assignment of error on appeal:
 "The Trial Court erred when it granted prejudgment interest from the date of exhaustion."
In this assignment of error, American Family contends that the trial court erred in determining that prejudgment interest should commence at the time that the tortfeasor's liability limit was exhausted rather than the date of the arbitrator's award.
Statutory authority for the grant of prejudgment interest is found in R.C. 1343.03, which reads, in relevant part:
 "(A) * * * when money becomes due and payable upon any instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum."
In Landis v. Grange Mut. Ins. Co. (1998), 82 Ohio St.3d 339, 340, the Supreme Court of Ohio held that underinsured motorist insurance claims are contract claims which are governed by R.C. 1343.03(A). The court noted that the fact that the amount that was due and payable remained undetermined until arbitration did not bar recovery of prejudgment interest. Id. at 341, citing Royal Elec. Constr. v. Ohio St. Univ. (1995), 73 Ohio St.3d 110, syllabus. See, also, Miller v. Gunckel (Dec. 11, 2000), Butler App. No. CA2000-02-026. Finally, the court in Landis
found that it was a matter for the trial court to decide whether prejudgment interest awarded under R.C. 1343.03(A) should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date of the arbitration award or some other time at which the underinsurer should have paid its insured. Id. at 342.
The underinsured provision in Johnson's motor vehicle policy states that American Family will provide coverage "only after the limits of liability of any applicable bodily injury liability policies or bonds have been used up by payment of judgments or settlements." In other words, American Family's obligation becomes "due and payable" upon the exhaustion of the any applicable limits of liability. Based upon the contract language, Landis, and this court's decision in Reineck v.Westfield Ins. Co. (Aug. 28, 1998), Huron App. No. H-97-039, unreported, we find that the trial court did not err in awarding Pamela Johnson prejudgment interest from May 23, 1999, the date the tortfeasor's liability insurance coverage was exhausted.
American Family's sole assignment of error is found not well-taken. The judgment of the Lucas County Court of Common Pleas is affirmed. American Family Insurance Company is ordered to pay the costs of this appeal.
James R. Sherck, J., Mark L. Pietrykowski, P.J., CONCUR.